IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| David A. Moe,<br><br>        Plaintiff,<br><br>    -vs-<br><br>Leann K. Bertsch, Director North Dakota Department of Corrections and Rehabilitation, and Robyn Schmalenberger, Warden, North Dakota State Penitentiary,<br><br>        Defendants. | Case No. 3:13-cv-30<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATIONS** |

On December 4, 2014, the undersigned received a Report and Recommendation from the Honorable Karen K. Klein, United States Magistrate Judge, pursuant to 28 U.S.C. § 636, recommending that the defendants' motion for summary judgment be granted and Plaintiff David A. Moe's complaint be dismissed with prejudice.[1] Moe filed an objection to the Report and Recommendation.[2] In his objection, Moe reiterates his claims that he has a property interest in the funds in his account and was deprived of funds without due process.

It is indisputable that Moe was given a notice of disciplinary hearing for the alleged violation of "destruction, alteration or misuse of state or personal property".[3] The notice informed Moe that he had the right to call witnesses and present

---

[1] Doc. #37.

[2] Doc. #38.

[3] Doc. #33-2, p. 27.

1

documentary evidence.[4]  The notice also informed Moe that the Warden may withdraw funds for payment of sanctions.[5]  The notice stated: "This is your notification that an administrative hearing will be held at the same time and place for the purpose of determining whether funds may be withdrawn from your inmate accounts for payment of sanctions."[6]

Following Moe's objections, the Court conducted a *de novo* review of the record.  While Moe received a copy of the incident report with an estimate for the replacement cost, the Court appreciates Moe's concern that the notice of disciplinary hearing states that the hearing will encompass the alleged violation and whether the Warden may withdraw funds for payment of sanctions, but it does not clearly state that this is his only opportunity to contest the amount of restitution if found guilty of the alleged violation.  The Court also appreciates Moe's concern that he was overcharged for the replacement value and only reimbursed after he filed the present lawsuit.  Despite the mistake and arguable lack of clarity, the Court cannot conclude that Moe received inadequate procedural protection rising to the level of a constitutional violation.

Accordingly, the Court hereby overrules Moe's objections and adopts the Report and Recommendation in its entirety.  For the reasons set forth therein, the defendants' motion for summary judgment is **GRANTED**.  Moe's complaint is **DISMISSED** with prejudice.

The Court finds that any appeal would be frivolous, could not be taken in good

---

[4] Id.

[5] Id.

[6] Id.

faith, and may not be taken *in forma pauperis*.

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 6th day of January, 2015.

                                                            */s/   Ralph R. Erickson*
                                                            Ralph R. Erickson, Chief Judge
                                                            United States District Court